## FARRAR LUMBER COMPANY *v.* ANDREWS COMPANY; *et vice versa.*

GILBERT, J.   The judge did not abuse his discretion in refusing an interlocutory injunction, nor in requiring a bond of the defendant.
*Judgment affirmed on both bills of exceptions.   All the Justices concur.*
Nos. 1727, 1728.   MAY 15, 1920.

Petition for injunction.   Before Judge Tarver.   Gordon superior court.   October 13, 1919.

The plaintiffs contended (in brief) that by contract of purchase they acquired of the Dayton Coal, Iron and Railway Company (a bankrupt corporation of Tennessee) the title to the timber on cer-

tain land in Gordon County, to be cut within ten years, paying $6500 as the agreed price, with the agreement that this amount should be held by the company's attorney in escrow until a release could be procured as to a lien retained by the trustee in bankruptcy; that later, on being informed that the trustee would not release the lien without payment of $7000 for the timber, plaintiffs deposited the additional $500; that the president of the bankrupt company, in disregard of the plaintiffs' rights and in fraud and collusion with the defendant company, executed a conveyance of the timber to that company, which took with notice of the facts; and that it was cutting the timber. Injunction against this cutting was prayed. The defendant denied the plaintiffs' allegations, and set up that it had regularly and legally acquired the title without fraud or wrong, and that the plaintiffs never acquired title legal or equitable, but if they had any remedy it was by action for breach of contract by the Dayton Company or its president, if such contract existed. At the interlocutory hearing an injunction was denied, with the provision that the defendant file a bond of $10,000, conditioned to pay all damages the plaintiffs might sustain from the cutting of the timber. The plaintiffs excepted to the denial of an injunction; and by cross-bill the defendant excepted to the requirement of bond.

*C. D. McCutchen, F. K. McCutchen,* and *J. G. B. Erwin,* for plaintiffs.

*Maddox, McCamy & Shumate* and *Allison, Lynch & Phillips,* for defendant.